# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. CR411-197 |
| ) | |
| RENAE ALECIA MORRIS ) | |

## REPORT AND RECOMMENDATION

Late one night in April 2011, Renae Alecia Morris drove her Pontiac Vibe through Liberty County, Georgia's portion of I-95. The speed limit was 70 miles per hour but she drove at only 65 miles per hour. That caught the attention of Liberty County Sheriff's Deputy Jeff Dawson, who was parked on the side of the interstate. In his experience, most motorists drive closer to 80 miles per hour along this section of the highway. Dawson then noticed that the Vibe's tag light was out. Georgia law requires that a vehicle's registration plate be illuminated so that it is visible 50 feet to the rear. O.C.G.A. § 40-8-23(d). Armed with this information, Deputy Dawson executed a traffic stop of Morris' vehicle.

From the passenger side of the vehicle, Deputy Dawson informed Morris that he had stopped her because her tag light was out and asked for her license, registration, and proof of insurance. When she handed him this paperwork, he noticed that her hands were shaking. After an uneventful records check, the deputy advised Morris that he intended to issue her a warning and asked her to step to the rear of her vehicle. The deputy engaged in a casual conversation with Morris as he wrote out the warning. Gov't Ex. 1 ("courtesy warning" for having no tag light). He then handed her the warning and returned her license and other paperwork.

At this point, Deputy Dawson informed Morris that law enforcement officers had experienced problems with motorists traveling on the interstate with guns and drugs. Morris denied having any such items in her vehicle. Dawson then asked if he could search her vehicle. Morris said that he could. During this search, Dawson located the cocaine that forms the basis of this prosecution.[1]

---

[1] This factual recitation is based on the testimony of Deputy Dawson, the sole witness at the suppression hearing, and a copy of the video recording of the traffic stop which Dawson made using his vehicle's recording equipment. Gov't Ex. 2 (DVD reflecting a video and audio recording of the traffic stop).

As her sole argument in support of her motion, Morris contends that there was no probable cause or other legal justification for the stop of her vehicle and, therefore, that any evidence seized or statements made as a result of that improper stop must be suppressed. Her chief argument is that the deputy elected to stop her for traveling 5 miles per hour below the posted 70 mile per hour speed limit, and she cites a number of cases holding that such a stop is unlawful where a motorist is not impeding traffic. Although she noted in her brief that it was "unclear from the video footage of the traffic stop that [her] tag light was not properly displayed," doc. 45 at 2, she never specifically alleged that her tag light was in fact working.

The evidence adduced at the suppression hearing establishes that the deputy stopped Morris because her vehicle's tag light was out, *not* because she was going too slowly. Dawson testified that while it was her slower than average speed that initially attracted his attention, he elected to stop her vehicle because its tag light was not properly illuminated as required by Georgia law. Morris did not testify or offer any evidence that contradicted the deputy's sworn testimony. The Court credits that testimony and finds that Deputy Dawson observed that

3

Morris' tag light was out and that this observation furnished the sole basis for the traffic stop.

"As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 810 (1996); see *United States v. Strickland*, 902 F.2d 937, 940 (11th Cir. 1990) ("a police officer may stop a vehicle '[w]hen there is . . . probable cause to believe the driver is violating any one of a multitude of applicable traffic and equipment regulations' relating to the operation of motor vehicles."). Here, the deputy had probable cause to stop defendant's vehicle because of the non-functioning tag light. *Draper v. Reynolds*, 369 F.3d 1270, 1275-76 (11th Cir. 2004) (deputy had probable cause to stop vehicle where its tag light was not illuminated as required by Georgia law).

The traffic stop at issue in this case was lawful. Because Morris has pointed to no other actions by the deputy that violated any of her constitutional rights, her motion to suppress must be **DENIED**.

**SO REPORTED AND RECOMMENDED** this <u>31st</u> day October, 2011.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA